**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 02-6853

---

DANIEL RAY BUIE,

Petitioner - Appellant,

versus

STATE OF SOUTH CAROLINA; CHARLES M. CONDON,
Attorney General of the State of South
Carolina,

Respondents - Appellees.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia. David C. Norton, District Judge.
(CA-01-2856-3-18BC)

---

Submitted: August 15, 2002          Decided: August 22, 2002

---

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Daniel Ray Buie, Appellant Pro Se. Samuel Creighton Waters, OFFICE
OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South
Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daniel Ray Buie seeks to appeal the district court's order dismissing his petition filed under 28 U.S.C. § 2254 (2000). We dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on February 25, 2002. Appellant's notice of appeal was filed on May 23, 2002.[*] Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                              DISMISSED